UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRA JEROME ROSS (#498729), Petitioner | CIVIL ACTION NO. 1:17-CV-0056-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SANDY MCCAIN, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Ira Jerome Ross ("Ross") (DOC #498729). Ross is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Ross challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I. Background

Ross was convicted of attempted second degree murder, and sentenced to 50 years at hard labor. His conviction and sentence were affirmed on appeal. See State v. Ross, 42,399 (La. App. 2 Cir. 8/29/07), 965 So. 2d 610, 613. Ross did not seek further review in the Louisiana Supreme Court. (Doc. 1, p. 2).

Ross filed an application for post-conviction relief on August 26, 2009, which was denied on an unspecified date. (Doc. 1, p. 3). Ross filed two additional applications for post-conviction relief, which were also denied. (Doc. 1, pp. 4, 6).

Ross claims that his constitutional rights were violated when the trial court failed to suppress inculpatory statements taken as the result of unlawful and unconstitutional questioning. See id. at 617.

## II. Law and Analysis

### A. Ross's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because Ross did not seek review in the Louisiana Supreme Court, his conviction became final for AEDPA purposes on September 28, 2007, 30 days after his sentence was affirmed by the appellate court. Ross had one year from that date, until September 28, 2008, within which to file a timely § 2254 petition. Ross's petition

was not filed until January 13, 2017. Thus, unless Ross is entitled to statutory or equitable tolling, his § 2254 petition is prescribed.

### B. Ross is not entitled to statutory or equitable tolling.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)).

Ross's application for post-conviction relief was filed on August 26, 2009, almost two years after his conviction and sentence became final. Thus, the one-year AEDPA limitations period expired prior to the filing of Ross's application for post-conviction relief. Therefore, Ross does not receive any benefit from the statutory tolling provision of § 2244(d)(2).

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is also subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal

3

quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Ross submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2254 petition be **DENIED** and **DISMISSED** with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS

SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  13th  day of February, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge